NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JOHNNY CORNWALL, *Appellant.*

No. 1 CA-CR 21-0305
FILED 10-04-2022

Appeal from the Superior Court in Navajo County
No. S0900CR201800977
The Honorable Dale P. Nielson, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Tucson
By Mariette S. Ambri
*Counsel for Appellee*

Zhivago Law PLLC, Phoenix
By Kerrie D. Zhivago
*Counsel for Appellant*

—————————————

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Vice Chief Judge David B. Gass joined.

—————————————

**B A I L E Y**, Judge:

¶1        Johnny Cornwall appeals his convictions for sexual assault and sexual conduct with a minor.  Because Cornwall has shown no error, we affirm.

## FACTS AND PROCEDURAL HISTORY[1]

¶2        In September 2018, the victim, a minor, reported to police that Cornwall had sexually assaulted her.  Two months later, Cornwall was indicted on one count of sexual assault and one count of sexual conduct with a minor.

¶3        At trial, during voir dire, the court read the charges, including the allegation that Cornwall "intentionally or knowingly engaged in sexual intercourse with [the victim], a minor, who was at least 15 years of age."  The court then permitted both the State and Cornwall to give a brief opening statement to the jury panel.  The State told the panel that the evidence would show that the victim was 17 years old, Cornwall was 22 years old, and when they met at a local park to play basketball, Cornwall "forced sex" on the victim.  Cornwall's counsel told the panel that Cornwall and the victim met up after messaging online, "shot basketball for a while," and then "started fooling around and having sex, consensual sex."

¶4        The court then instructed the panel on the presumption of innocence and the State's burden to prove the charges beyond a reasonable doubt and asked whether any juror disagreed with those principles.  Juror Ten responded, "I fail to understand, the defense already pleaded that they are guilty, that the [victim] was 15 [sic] years old and he was 22, so that's still statutory rape."  When asked if he believed "these principles should

—————————————

[1]        We view the facts in the light most favorable to sustaining the verdict.  *State v. Payne*, 233 Ariz. 484, 509, ¶ 93 (2013).

not be the law" or if he "disagree[d] with them in any way," Juror Ten responded, "No." When asked if he could be fair and impartial, Juror Ten responded, "I believe so."

¶5            When the court asked jurors if there was "[a]nything about the nature of the case that would make it difficult for [them] to be fair and impartial," Juror Nine responded, "She was under the age of 18, he was 22. I don't care if it was consensual or not." Unlike Juror Ten, when asked if he believed he could be fair and impartial, Juror Nine responded, "I do not."

¶6            Outside the panel's presence, Jurors Nine and Ten were then each questioned individually by the court, the State, and Cornwall. The court instructed both jurors that the parties' brief opening statements were not evidence, and they must decide the case based solely on the court's instructions on the law and admitted evidence. When the court asked Juror Ten if he could "judge the case solely by what the witnesses testify to, and what the instructions are on the law, and . . . be fair to both sides," Juror Ten responded, "Yes, sir." When questioned by the State, Juror Nine revealed he had family members who experienced sexual abuse and stated he "just [didn't] know" whether he could "render a fair decision in this case." When questioned by the court, he said he would "certainly try" to follow the law, and he considered himself "a fair man."

¶7            At the close of voir dire, Cornwall moved to strike Juror Ten for cause. The court granted the motion and sua sponte removed Juror Nine for cause. The State did not object to Juror Nine's removal. The state then argued Juror Ten should remain on the panel because, unlike Juror Nine, Juror Ten stated he could be fair and impartial and decide the case solely on the evidence and the court's instructions on the law.

¶8            Following the State's argument, the court reconsidered Cornwall's motion to strike Juror Ten. Cornwall later used a peremptory strike to remove Juror Ten. After a two-day trial, the jury found Cornwall guilty of both counts. We have jurisdiction over Cornwall's timely appeal under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and 13-4033(A).

## DISCUSSION

¶9            Cornwall argues the superior court erred in denying his motion to strike Juror Ten for cause. We review the denial of a motion to strike a juror for abuse of discretion. *State v. Acuna Valenzuela*, 245 Ariz. 197, 209, ¶ 21 (2018).

**¶10**         Those "biased or prejudiced in favor of or against either of the parties" are barred from serving as jurors.  A.R.S. § 21-211(4).  Additionally, the court must excuse a juror "if there is a reasonable ground to believe that the juror . . . cannot render a fair and impartial verdict."  Ariz. R. Crim. P. ("Rule") 18.4(b).[2]

**¶11**         But a juror's "preconceived notions concerning the defendant's guilt" will not necessarily disqualify the juror.  *State v. Comer*, 165 Ariz. 413, 426 (1990).  "If a juror is willing to put aside his opinions and base his decision solely upon the evidence, he may serve."  *State v. Johnson*, 247 Ariz. 166, 198, ¶ 113 (2019) (citation omitted).  Additionally, the court may rehabilitate a juror through questioning to ensure the juror "can sit as a fair and impartial juror."  *Acuna Valenzuela*, 245 Ariz. at 209, ¶ 24 (citation omitted).

**¶12**         Cornwall argues Juror Ten decided his guilt before evidence was presented and the superior court erred by confusing the answers given by Juror Ten and Juror Nine.

**¶13**         Though Juror Ten expressed an initial opinion about the law and Cornwall's guilt, the court properly instructed Juror Ten that he could not consider Cornwall's brief opening statement as evidence and must follow the court's instructions on the law.  After the court questioned him again, Juror Ten stated he could be fair and impartial, follow the court's instructions on the law, and decide the case based on the evidence presented.  It was Juror Nine who could not say he would be fair and impartial.  Because Juror Ten confirmed he could set aside his prior opinions and be fair and impartial, the superior court did not abuse its discretion in denying Cornwall's motion to strike.  *See Johnson*, 247 Ariz. at 199, ¶ 121.

**¶14**         Finally, any conceivable error by the superior court was not prejudicial, as Cornwall used a peremptory challenge to remove Juror Ten and he was tried by a fair and impartial jury.  *See State v. Hickman*, 205 Ariz. 192, 199, ¶ 31 (2003) ("[W]hen a defendant secures an impartial jury, even through the curative use of a peremptory challenge, a conviction by that jury will not have prejudiced that defendant.").

---

[2]         On January 1, 2022, Rule 18.4 was amended to remove subsection (c) to eliminate peremptory challenges.  That subsection is not at issue, and Rule 18.4(b) has not materially changed.

**CONCLUSION**

¶15 For the foregoing reasons, we affirm Cornwall's convictions.

